UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERNEST WILSON #402486 | CIVIL ACTION NO. 09-1065-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 8) filed by pro se petitioner Ernest Wilson ("Petitioner"). Petitioner appealed Magistrate Judge Hornsby's Order (Record Document 7), which denied the Petitioner's Motion for Stay.

Magistrate Judge Hornsby's Order of July 28, 2011 related to a non-dispositive matter. His decision relating to the stay is not an action listed in 28 U.S.C. § 636(b)(1)(A). This statute references dispositive motions, often referred to as the "excepted motions," that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Order was not a recommendation to the district court; rather, it was an order from a magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review Magistrate Judge Hornsby's legal conclusions de novo, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

Petitioner filed a Motion for Stay (Record Document 6) seeking a stay order such that he could address unexhausted claims in state court. Magistrate Judge Hornsby denied the Motion for Stay, reasoning:

> Petitioner offers no explanation for his failure to fully exhaust his state law remedies before coming to federal court. Petitioner has also failed to show that the claims are potentially meritorious. Rhines, 544 U.S. at 277-278; Ybarra, 200 Fed. Appx. 341, 342.

Record Document 7. In his appeal, Petitioner objects to the denial of his Motion for Stay and argues that his recently found claims were "previously not known to him as a result of ineffective assistance of counsel." Record Document 8 at 2. While his appeal refers to the new "constitutional errors," Petitioner does not specifically address the issue of whether his claims are potentially meritorious.

In Ybarra v. Quarterman, No. 04-11302, 2006 WL 2683339, **1 (5th Cir. Sept. 19, 2006), the Fifth Circuit stated:

> A district court has discretion to stay, rather than dismiss, a "mixed" habeas petition "only in the limited circumstances" where there is "good cause" for the petitioner's failure to exhaust his claim first in state court, the petitioner's unexhausted claim is potentially meritorious, **and** the petitioner has not engaged in abusive litigation tactics or intentional delay.

Id. (emphasis added), citing Rhines v. Weber, 544 U.S. 269, 277-278, 125 S.Ct. 1528, 1534-1535 (2005). A review of Petitioner's Motion for Stay and his appeal simply does not establish good cause for his failure to exhaust his claims in state court. However, even if the Court were to assume that Petitioner's proffered reason regarding ineffective assistance of counsel demonstrated good cause, Petitioner has not shown that his claims are potentially meritorious. See Ybarra, 2006 WL 2683339, **1 ("Because his claim is not potentially meritorious, Ybarra has not shown that the district court reversibly erred by not *sua sponte* granting a stay in the proceedings. See Rhines, 544 U.S. at 277, 125 S.Ct. 1528.").

Accordingly,

**IT IS ORDERED** that Petitioner's Magistrate Appeal (Record Document 8) be and

is hereby **DENIED**.

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of September, 2011.

                                                               S. MAURICE HICKS, JR.
                                                         UNITED STATES DISTRICT JUDGE